YUNG MING CHOU, ESQ (SBN 172118)
39111 Paseo Padre Parkway, Suite 207
Fremont, CA 94538
Tel.: (510) 713-8698
Fax: (510) 713-8690
E-Mail: chouyung@aol.com

Attorney for Plaintiffs
PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>S.P.C. TECHNOLOGY, GLZ SERVICE INC., PC MOBILE STATION.COM CORP., JNB GROUP INC., HERBET LIN d.b.a. ALL TECH COMPUTER, IVY LIN d.b.a. IVY COMPUTERS, INC., ELITE NETWORK COMPUTER, INC., ANDY CHEN d.b.a. DRIFTING COMPUTER, JACK WANG d.b.a. SHENZHOU COMPUTER MALL INC., TONY CHANG d.b.a. AZIANEAGLE,, AND NEW YORK COMPUTER SUPPLY INC.,<br><br>Defendants. | Case No.: CV 07-03621 JL<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION<br><br>[DEMAND FOR JURY TRIAL] |

Comes now Plaintiffs Penpower Technology Ltd., a Taiwan corporation, and Penpower, Inc. (hereinafter collectively referred to as “Plaintiffs”), through its undersigned counsel, and alleges as follows:

THE PLAINTIFFS

1. Plaintiff Penpower Technology Ltd. is a corporation organized under the laws of Taiwan and having its principal place of business at 7F, No. 47, Lane 2, Sec. 2, Kuangfu Road,

Hsinchu 300, Taiwan. Plaintiff is actively involved in the research, development, manufacture and sale of multilingual handwritten character recognition, optical character recognition, voice recognition, biometric recognition, computer handwriting software, and the peripheral parts and products.

2. Plaintiff Penpower, Inc. is a corporation organized under the laws of California and having its principal place of business at 46520 Fremont Blvd., #610, Fremont, CA 94538, and is a wholly-owned subsidiary of Penpower Technology Ltd.

THE DEFENDANTS

3. On information and belief, S.P.C. Technology is an unknown entity with its principal place of business in Brooklyn, New York.

4. On information and belief, GLZ Service Inc. is a New York corporation with its principal place of business in Brooklyn, New York.

5. On information and belief, PC Mobile Station.com Corp. is a New York corporation with its principal place of business in New York, New York.

6. On information and belief, JNB Group Inc. is a New York corporation with its principal place of business in New York, New York.

7. On information and belief, Herbet Lin, an individual, is doing business as All Tech Computer with his principal place of business in Flushing, New York.

8. On information and belief, Ivy Lin, an individual, is doing business as Ivy Computers, Inc. with her principal place of business in Flushing, New York.

9. On information and belief, Elite Network Computer, Inc. is a New York corporation with its principal place of business in Flushing, New York.

10. On information and belief, Andy Chen, an individual, is doing business as Drifting Computer with his principal place of business in New York, New York.

11. On information and belief, Jack Wang, an individual, is doing business as Shenzhou Computer Mall Inc. with his principal place of business in Flushing, New York.

12. On information and belief, Tony Chang, an individual, is doing business as Azianeagle is with his principal place of business in New York, New York.

13. On information and belief, New York Computer Supply Inc. is a New York corporation with its principal place of business in Woodside, New York.

14. All of the aforesaid defendants are hereinafter collectively referred to as the "Defendants".

JURISDICTION AND VENUE

15.This is an action for infringement of trademarks pursuant to 15 U.S.C. §1051 *et seq*.; infringement of copyright pursuant to 17 U.S.C. § 101 *et seq*.; and unfair competition pursuant to 15 U.S.C. § 1125(a) and California law.

16. This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and doctrine of pendent jurisdiction.

17. The actions of the Defendants complained of herein took place within this jurisdiction. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

COMPLAINT

FIRST CLAIM FOR RELIEF

(Infringement of Federally-Registered Trademarks)

[15 U.S.C. § 1114(1)]

18. Plaintiffs have received registration of the following marks (hereinafter collectively referred to as "PENPOWER") from the United States Patent and Trademark Office:

| Registration Mark | Date | Number |
|---|---|---|
| PENPOWER | June 8, 2004 | 2851603 |
| PENPOWER | July 26, 2005 | 2975420 |

These marks are inherently distinctive and have gained strong secondary meaning in the minds of the public relating to, quality handwritten character recognition products and computer handwriting software. These marks, and their associated goodwill, are highly valuable property rights of Plaintiffs.

19. Through significant advertising expenditures since 1998, careful quality control measures, extensive in-store merchandising display and marketing assistance provided to retailers, Plaintiffs developed strong consumer demand for its products, and the referenced marks

are widely recognized by the trade and the consuming public as indicating the origin of PENPOWER computer handwriting software and handwritten character recognition products and as distinctive of Plaintiffs' products, resulting in substantial goodwill of great importance and value to Plaintiffs.

20. Defendants have advertised and sold or otherwise distributed and continue to advertise and sell or otherwise distribute in interstate commerce handwritten character recognition products by means of marks that are identical or confusingly similar to the referenced marks of Plaintiffs. Plaintiffs have requested Defendants to cease and desist from their acts of trademark infringement and have given Defendants actual notice of Plaintiffs' registration, but Defendants have refused to cease such acts.

21. The use of these marks by Defendants constitutes deliberate and willful infringement of Plaintiffs' rights, without Plaintiffs' consent or authorization, and has caused and is likely to cause confusion and mistake and to deceive the consuming public, all in violation of 15 U.S.C. §1114(1). Such use will cause irreparable harm to Plaintiffs unless such conduct is preliminarily and permanently enjoined. Plaintiffs have no adequate remedy at law.

SECOND CLAIM FOR RELIEF

(Unfair Competition and False Designation of Origin)

[15 U.S.C. § 1125(a)]

22. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 21, inclusive.

23. Defendants have adopted confusingly similar marks, characters, packaging and graphics for their products. There is a substantial likelihood that an appreciable number of prudent consumers will be misled or confused with respect to the origin of Defendants' handwritten character recognition products and computer handwriting software and will believe that such products and/or software originate with and/or are manufactured, approved, supported, endorsed or guaranteed by Plaintiffs.

24. By deliberately and willfully adopting confusingly similar marks, characters, packaging and graphics for their handwritten character recognition products and computer

handwriting software, Defendants have consciously and deliberately sought to capitalize on the distinctive quality and secondary meaning established by Plaintiffs' computer handwriting software and handwritten character recognition products and trademarks, and have intended to capitalize upon and profit by the consumer confusion they have created.

25. The computer handwriting software and handwritten character recognition products marketed by Defendants are substantially inferior to Plaintiffs sponsored products, in that they lack warranties and do not include the latest technologies that embodied in Plaintiffs' products.

26. Defendants' conduct as alleged is deliberate and willful, is likely to cause confusion, will injure Plaintiffs' reputation, unless preliminarily and permanently enjoined, and constitutes false designations of origin in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiffs have no adequate remedy at law.

THIRD CLAIM FOR RELIEF

(Violation of Trademark Counterfeiting Act)

[15 U.S.C. § 1116]

27. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 26, inclusive.

28. Defendant has willfully counterfeited the referenced Plaintiffs trademarks in violation of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116.

FOURTH CLAIM FOR RELIEF

(Unfair Competition under California Law)

29. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 28, inclusive.

30. By reason of Defendants' infringement, and threatened infringement, Defendants are liable for unfair competition, deceptive advertising and unfair trade practices in violation of California Business and Professions Code § 17200 *et seq*. As a result of Defendants' acts, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to its ownership rights. Defendants' unlawful conduct will continue to damage Plaintiffs unless enjoined by this Court, and Plaintiffs have no adequate remedy at law.

FIFTH CLAIM FOR RELIEF

(Dilution and Injury to Business Reputation under California Law)

31. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 30, inclusive.

32. Through Defendants' use and advertisement of Plaintiffs' trademark, there exists likelihood of injury to the business reputation of Plaintiffs and a likelihood of dilution of the distinctive quality of Plaintiffs' marks in violation of California Business and Profession Code § 14330.

SIXTH CALIM FOR RELIEF

(Copyright Infringement)

[ 17 U.S.C. § 101 *et seq*.]

33. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 31, inclusive.

34. In or about 1992, Plaintiffs created the Penpower Handwriting Recognition Software and Penpower Jr. Handwriting Recognition Software (collectively hereinafter "Penpower Software"). These Penpower Software contains a substantial amount of material wholly original with Plaintiffs and is copyrightable under the laws of the United States. Plaintiffs have complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. and all other laws governing copyright, and have filed application for registration with the United States Copyright Office under the In-Process No. 155860333.

35. Since the Penpower Software was developed, Plaintiffs have placed a copyright notice on all copies of the Penpower Software that they have produced. Since the development of the Penpower Software, Plaintiffs have been and still are the sole proprietor of all of their rights, title and interest in and to the copyrights in Penpower Software.

36. Plaintiffs have expended substantial amounts for research and development in order to improve and update the Penpower Software. The Penpower Software and its products, including, but not limited to, Penpower Handwriter (USB Writing Tablet), Penpower Jr. Handwriter (USB Writing Pad), etc. presently accounts for a substantial source of Plaintiffs' total

revenues.

37. Plaintiffs are informed and believe and based thereon allege that Defendants have marketed and sold and continue to market and sell handwritten character recognition products, including, but not limited to, Senior General Writing Pad, Qianbian Penpower Jr. Writing Pad, 5D Lianbiwang Writing Pad, New Baibian Penpower Jr. Writing Pad, Baodi Writing Pad, Big 3D Handwriter, Global Dr. Jin Handwriter, Phillip Handwriting Recognition System, and Penpower Silverlight Handwriting Recognition System (hereinafter collectively "Defendants' Products").

38. Plaintiffs are informed and believe and based thereon allege that Defendants' Products have incorporated identical or substantially similar underlying logic, structure, organization and sequence of the Penpower Software, as well as in various other respects. Plaintiffs are further informed and believe and based thereon allege that the software in Defendants' Products are the result of unlawful use, reverse engineering and/or copy of the Penpower Software.

39. Plaintiffs are informed and believe and based thereon allege that Defendants' have not incurred substantial research and development costs and other overhead expenses associated with developing and improving the Penpower Software, Defendants have been and will be able to market their infringing products at lower price than those marketed and sold by Plaintiffs. As a result, the marketing of any Defendants' Products has and will continue artificially to erode the price that potential customers will be willing to pay for Plaintiffs' products.

40. Defendants have been unjustly enriched by their copying, use and marketing of the Penpower Software and works derived from the Penpower Software.

41. By means of the actions complained of herein, Defendants have infringed and will continue to infringe Plaintiffs' copyrights in and relating to the Penpower Software, by producing, distributing, and placing upon the market Defendants' Products which were copied from Plaintiffs' copyrighted Penpower Software. Plaintiffs have requested Defendants to cease and desist from their acts of copyright infringement, but Defendants have refused to cease such acts.

42. Unless enjoined by this Court, Defendants intend to continue their course of conduct, and to wrongfully use, infringe upon, sell and otherwise profit from the Penpower Software and works derived therefrom. As a direct and proximate result of the acts of Defendants alleged above, Plaintiffs have already suffered irreparable damage and have sustained lost profits. Plaintiffs have no adequate remedy at law to redress all of the injuries Defendants have caused and intend to cause by their conduct. Plaintiffs will continue to suffer irreparable damage and to sustain lost profits until the Defendants' actions alleged above are preliminarily and permanently enjoined by this Court.

43. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

44. Plaintiffs are further entitled to recover from Defendants the damages they have sustained and will sustain as a result of Defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiffs as at present is unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their aforesaid acts of copyright infringement.

SEVENTH CLAIM FOR RELIEF

(Unfair Competition under California Law)

45. Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 44, inclusive.

46. The Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent business practices in violation of California Business and Profession Code § 17200 *et seq*.

47. These wrongful acts have proximately caused and will continue to cause Plaintiffs substantial injury, including loss of customers, dilution of their goodwill, confusion of potential customers, injury to their reputation, and diminution in value of their proprietary rights. These actions will cause imminent irreparable harm and injury to Plaintiffs, the amount of which will

be difficult to ascertain, if they continue. Plaintiffs are without adequate remedy at law.

48. Plaintiffs are entitled to an injunction restraining Defendants, their officers, agents, employees, and all other persons acting in concert with them from engaging in further such unlawful conduct.

49. Plaintiffs are entitled to recover from defendants the damages sustained by them as a result of Defendants' wrongful acts as hereinabove alleged. The amount of such damages cannot be determined at this time. Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiffs are at present unable to ascertain the full extent of these gains, profits, and advantages, but Plaintiffs are informed and believe and based thereon allege that each defendant has obtained such gains, profits, and advantages in an amount exceeding $10,000.00.

50. The conduct of Defendants were and are fraudulent, oppressive, malicious, and in conscious disregard of the rights of Plaintiffs, and Plaintiffs are therefore entitled to punitive damages against each such defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. That Defendants, their officers, agents, servants, employees, and all other persons acting in concert or participation with them:

(a) be enjoined and restrained:

(i) from infringing Plaintiffs' trademark and/or copyrights in any manner in the sale, promotion, distribution, or advertising of Defendants' Products;

(ii) from distributing, advertising, promoting, offering for sale and/or selling any merchandise bearing or using any of Plaintiffs' trademarks or any of their copyrighted software and/or materials, or any colorable imitations thereof, which has not been authorized for sale in the United States by Plaintiffs;

(b) be ordered:

(i) to deliver up for destruction all infringing products and software in possession

of Defendants not authorized by Plaintiffs for sale or use within the United States;

(ii) to deliver up for destruction all unauthorized trade dress, advertising, marketing and promotional materials, and packaging associated with or relating to Defendants' Products which bear the distinctive features of any of Plaintiffs' trademarks or copyrights;

(iii) to make a diligent effort to recall all of Defendants' Products and infringing materials, and to file with this Court and serve on Plaintiffs a report in writing under oath setting forth in details the manner and form in which Defendants have complied with this injunction;

2. That an accounting and judgment be rendered against Defendants for:

(a) treble all gains, profits, and advantaged derived from Defendants' acts of infringement and/or from the sale of Defendants Products;

(b) treble all damages suffered by Plaintiffs as a result of Defendants' acts complained of herein;

(c) statutory damages in the amount of $100,000 for willful copyright infringement for each copyrighted work infringed by Defendants as provided for in 17 U.S.C. §504(c)(2);

3. That Plaintiffs be awarded punitive and exemplary damages against Defendants;

4. That Plaintiffs have judgment against Defendants for their costs and attorneys' fees; and

5. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

[PLAINTIFFS DEMAND FOR A JURY TRIAL]

Dated: July 12, 2007

/s/ Yung-Ming Chou
Yung-Ming Chou
Attorney for Plaintiffs
Penpower Technology Ltd. & Penpower, Inc.