YUNG MING CHOU, ESQ (SBN 172118)
39111 Paseo Padre Parkway, Suite 207
Fremont, CA 94538
Tel.: (510) 713-8698
Fax: (510) 713-8690
E-Mail: chouyung@aol.com

Attorney for Plaintiffs
PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PENPOWER TECHNOLOGY LTD. & PENPOWER, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> S.P.C. TECHNOLOGY, GLZ SERVICE INC., PC MOBILE STATION.COM CORP., JNB GROUP INC., HERBET LIN d.b.a. ALL TECH COMPUTER, IVY LIN d.b.a. IVY COMPUTERS, INC., ELITE NETWORK COMPUTER, INC., ANDY CHEN d.b.a. DRIFTING COMPUTER, JACK WANG d.b.a. SHENZHOU COMPUTER MALL INC., TONY CHANG d.b.a. AZIANEAGLE,, AND NEW YORK COMPUTER SUPPLY INC., <br><br> Defendants. | Case No.: CV 07-03621 JL <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. DEFENDANT'S DEFAULT CONSTITUTES AN ADMISSION OF ALL MATERIAL ALLEGATIONS OF THE PLAINTIFFS' COMPLAINT.

Once default,, factual allegations in the complaint, except those relating to damages, are deemed admitted. *Soshnik v. Bruens*, 851 F.2d 361, (9TH Cir. 1988). Upon default, the defendant admits the truthfulness of all material allegations of the complaint. *Robinson v. Early* (1967) 248

1

1  Cal.App.2d 19, 22. Default is deemed an admission by the defendant of the material allegations
2  of the complaint, which can substitute the need for plaintiff to introduce evidence in support of
3  the admitted allegations. *Bristol Convalescent Hospital v. Stone* (1968) 258 Cal.App.2d 848,
4  859.
5       In the present case, all defendants have been duly served with summons and complaint,
6  but have failed to answer the complaint and are in default. By defaulting, defendants admit all
7  allegations set forth in the complaint are true.
8       The affidavit of Debra Shih, the president of plaintiffs, is sufficient to support the
9  judgment because the facts stated in her declaration are within her personal knowledge and she is
10 competent to testify the matters if called as a witness.
11      II. DEFENDANTS' TRADEMARK AND COPYRIGHT INFRINGEMENT
12 CONSTITUTES UNFAIR COMEPTITION UNDER CALIFORNIA BUSINESS AND
13 PROFESSIONS CODE §17200 *et seq*.
14      California Business and Professions Code §17200 provides that unfair competition shall
15 mean and include any unlawful, unfair or fraudulent business act or practice and unfair,
16 deceptive, untrue or misleading advertising and any act prohibited by laws.
17      The Ninth Circuit has consistently held that state common law claims of unfair
18 competition and actions pursuant to California Business and Professions Code §17200 are
19 "substantially congruent" to claims made under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d
20 1255, 1262-63 (9th Cir. 1994)
21      Therefore, defendants' infringement of plaintiffs' trademark "Penpower" in violation of
22 Lanham Act constitutes an unfair competition under California Business and Professions Code
23 §17200.
24      III. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF UNDER CALIFORNIA
25 BUSINESS AND PROFESSIONS CODE §14330.
26      California Business and Professions Code §14330 provides that likelihood of injury to
27 business reputation or of dilution of the distinctive quality of a mark registered under this
28 chapter, or a mark valid at common law, or a trade name valid at common law, shall be a ground

(MEMORANDUM OF POINTS AND AUTHORITIES)      (C07-03621 JL)

1  for injunctive relief notwithstanding the absence of competition between the parties or the
2  absence of confusion as to the source of goods or services.
3      To prevail under California Business and Professions Code §14330, plaintiff needs not
4  show actual injury or likelihood of confusion but only needs to show that its business reputation
5  is likely to be injured, or that the distinctive value of its mark is likely to be diluted. *Academy of*
6  *Motion Picture Arts and Sciences v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9TH
7  Cir. 1991)
8      Defendants' infringement on plaintiffs' trademark also violates California Business and
9  Professions Code §14330. Specifically, defendants' counterfeit products have injured plaintiffs'
10 business reputation and goodwill. (Affidavit of Debra Shih, ¶13) Therefore, plaintiffs are entitled
11 to injunctive relief against defendants.
12     IV. PLAINTIFFS ARE ENTITLED TO RECOVER ALL RELIEFS AS PROVIDED
13 UNDER LANHAM ACT AND COPYRIGHT ACT.
14     15 U.S.C. §1117 provides that plaintiff may recover from defendant for violation of
15 Lanham Act (1) defendant's profit, (2) damages sustained by plaintiff, (3) costs of action, (4)
16 attorney's fee in exceptional case, and (5) treble damages of plaintiff's loss or defendant's profit.
17     17 U.S.C. §502 specifies that the court may grant final injunction on such term as it may
18 deem reasonable to prevent infringement of copyright. 17 U.S.C. §503 states that the court may
19 order the impounding and/or destruction of infringing products on such terms as it may deem
20 reasonable. 17 U.S.C. §504 specifies that the infringer is liable for copyright owner's actual
21 damages and statutory damages not more than $100,000.00 if the court finds that the
22 infringement is willful. 17 U.S.C. §505 provides that the Court has discretion to allow recovery
23 of full attorney's fees and costs.
24     Based on the complaint the supporting affidavit of Debra Shih, it is clear that defendants
25 willfully and maliciously infringe upon plaintiffs' trademark and copyright. Plaintiffs are
26 therefore entitled to all appropriate remedies as allowed under the Lanham Act and Copyright
27 Act.
28                             CONCLUSION

3

1  Based on the aforesaid reasons, plaintiffs Penpower Technology Ltd. and Penpower, Inc. respectfully request that the judgment be entered against defendants.

Date: January 25, 2008

                                      /s/ Yung-Ming Chou            .
                                      Yung-Ming Chou
                                      Attorney for Plaintiffs
                                      Penpower Technology Ltd. &
                                      Penpower, Inc.