1  YUNG MING CHOU, ESQ (SBN 172118)
   39111 Paseo Padre Parkway, Suite 207
2  Fremont, CA 94538
   Tel.: (510) 713-8698
3  Fax: (510) 713-8690
   E-Mail: chouyung@aol.com
4
   Attorney for Plaintiffs
5       PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

| | |
|---|---|
| 11  PENPOWER TECHNOLOGY LTD. & PENPOWER, INC., | Case No.: CV 07-03621 JL |
| 12      Plaintiffs, | AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |
| 13      vs. | |
| 14  S.P.C. TECHNOLOGY, GLZ SERVICE INC., PC MOBILE STATION.COM CORP., JNB GROUP INC., HERBET LIN d.b.a. ALL TECH COMPUTER, IVY LIN d.b.a. IVY COMPUTERS, INC., ELITE NETWORK COMPUTER, INC., ANDY CHEN d.b.a. DRIFTING COMPUTER, JACK WANG d.b.a. SHENZHOU COMPUTER MALL INC., TONY CHANG d.b.a. AZIANEAGLE,, AND NEW YORK COMPUTER SUPPLY INC., | [Fed. R. Civ. P. Rule 55(b)(2)] |
| 20      Defendants. | |

    I, Debra Shih, declare,

    1. I am the president of plaintiffs Penpower Technology Ltd. and Penpower, Inc.

    2. I am over 18 years of age. My business address is located at 46520 Fremont Blvd., #610, Fremont, CA 94538. I am fully competent to make this affidavit and I have personal knowledge of the facts set forth herein and I would competently testify thereto if called as a witness.

1

3. The Clerk of this Court entered default against PC Mobile Station.com Corp., JNB Group Inc., Herbet Lin d.b.a. All Tech Computer, Andy Chen d.b.a. Drifting Computer, Jack Wang d.b.a. Shenzhou Computer Mall Inc., Tony Chang d.b.a. Azianeagle, and New York Computer Supply Inc. on September 10, 2007 and against Ivy Lin d.b.a. Ivy Computers, Inc. and Elite Network Computer, Inc. on November 21, 2007. The certificates of default issued by the Clerk were posted on the Court ECF system as document Nos. 13 and 22.

4. The defendants are not infants or incompetent persons because they are either corporation or adults of sound mind engaging in a trade or business.

5. The defendants are not currently in military service because they are all actively engaging in the trade or business as set forth in the complaint.

6. Plaintiffs are the registered owner of trademark "Penpower" with United States Patent and Trademark Office under the registration numbers #2851603 and #2975420. Plaintiffs are also the original authors of Penpower Handwriting Recognition Software and Penpower Jr. Handwriting Recognition Software, and have filed application for copyright registration with the United States Copyright Officer under the In-Process No. 155860333.

7. Plaintiffs' main handwriting recognition products include, but not limited to, Silver Light - Penpower Jr. Handwriting Recognition System, Polar Light – Penpower Jr. Handwriting Recognition System, and Penpower Pen Handwriting Recognition System. Three photos showing the aforesaid Penpower products are attached hereto as Group Exhibit A (1-3) and made a part hereof.

8. Plaintiffs are the leading developer and manufacturer in Chinese-to-English handwriting recognition software and hardware, and have enjoyed continuous successful growth over the years. In 2004, plaintiffs enjoyed a total sale of 4,504 units of the handwriting recognition products in US. In or about June 2005, plaintiffs started to find out counterfeit products as well as products incorporating identical or substantially similar Penpower software on the market. In 2005, plaintiffs sold 5,566 units of handwriter. Due to defendants' sales of illegal products, plaintiffs' total sale in 2006 dropped to 5,011 units. After suffering the first significant loss and decline in sale in 2006, plaintiffs began to actively pursue those infringers by

1  sending cease and desist letters to numerous infringers, and filed the instant action against those
2  infringers who disregarded plaintiffs' cease and desist requests and have continued to sell
3  counterfeit products or products unlawfully incorporating Penpower's handwriting recognition
4  software. Due to plaintiffs' anti-infringement efforts, plaintiffs' sale in 2007 was able to rebound
5  and reached a total sale of 12,801 units of handwriter. A copy of total sales for the years from
6  2004 to 2007 is attached hereto as Exhibit B and made a part hereof.

7      9. Defendants have sold and have continued to sell counterfeit products and products
8  incorporating Penpower handwriting recognition software, which include, but not limited to,
9  New Baibian Penpower Jr. Writing Pad, Baodi Writing Pad, Big 3D Handwriter, 5D Lianbiwang
10  Writing Pad, Phillip Handwriting Recognition System, Penpower Silverlight Handwriting
11  Recognition System, Senior General Writing Pad, 5D Junior General Handwriter, Wentech
12  Writing Pad, General Handwriting Recognition System, Qianbian Penpower Jr. Writing Pad,
13  and 5D Handwriting Pad. (hereinafter collectively "Defendants' Products") Twelve photos
14  showing the aforesaid counterfeit products sold by defendants are attached hereto as Group
15  Exhibit C (1-12) and made a part hereof

16      10. Defendants have advertised, sold and distributed and continue to advertise and sell
17  handwritten character recognition products by means of marks that are identical or confusingly
18  similar to plaintiffs' Penpower mark, such as shown in the Exhibits C-1, C-6 and C-11.

19      11. Defendants Products have reverse engineered and unlawfully incorporated identical
20  or substantially similar underlying logic, structure, organization and sequence of the Penpower
21  Software, including but not limited to, Menu, Font Version Selection, Set Up, General Setting,
22  Writing Setting, About, Interactive Learning, File Directory, and Installation Interface.  A
23  comparison of plaintiffs' software with selected samples of Defendants' Products are attached
24  hereto as Group Exhibit D (1-5) and made a part hereof.

25      12. The handwriting recognition technology is a growing market. Plaintiffs had been
26  enjoyed successful growth in the sales of Penpower handwriters over the years. Comparing the
27  sales from 2004 to 2007 as set forth in Exhibit B, the average growth in sales should be at least
28  around 60% each year. [i.e. (i) a simple math of deducting the 2007 total sale units of 12,801

3

1  from 2004 total sale units of 4504 and thus reaching a difference of 8,297 units, (ii) dividing
2  8297 units by 2004 total sale units of 4,504 and thus reaching the percentage change of 180%
3  increase, and (iii) then further dividing 180% with 3 (three years) and thus reaching an average
4  annual increase of 60% in comparison with 2004 total sales]. By applying this factor to the 2004
5  total sale of 4,504 units, the conservative estimate of total sales for 2005 and 2006 should be
6  7,206 and 9,909 units. Therefore, the loss in sales in 2005 and 2006 would be conservatively
7  estimated at 1,640 and 4,898 units. (i.e. 7,206 – 5,566 and 9,909 – 5,011). The average sale price
8  of each unit is $34.52. (This figure is reached by dividing the total sales amount by the total units
9  of each year, adding all four years of the average annual sale price, and further dividing them by
10 4.) Therefore, the conservative loss in sales in 2005 and 2006 would be at least $225,691.76.
11 [(7,206 + 9,909) x $34.52]. The aforesaid figure has not taken into consideration that defendants
12 have continued in selling and marketing Defendants' Products and have significantly cut
13 plaintiffs' sales notwithstanding plaintiffs' implementation of anti-infringement measures as
14 above-mentioned. Without Defendants' Products, plaintiffs should have been dominated this
15 handwriting recognition system market and enjoyed greater success in sales. Therefore, plaintiffs
16 have been damaged in the sum of at least $225,691.76 and such damages are continuing due to
17 defendants' unlawful acts. The amount described above is justly due and now owing, and no part
18 has been paid by any defendants.
19        13. Because of the substantially inferior quality and various defects of Defendants'
20 Products, plaintiffs have received numerous complaints from end-users who had purchased the
21 counterfeit products such as New Baibian Penpower Jr. Writing Pad (Ex. C-1), Penpower
22 Silverlight Handwriting Recognition System (Ex. C-6), and Qianbian Penpower Jr. Writing Pad
23 (Ex. C-11). Plaintiffs' business reputation and goodwill have therefore been damaged.
24        14. Plaintiffs have incurred the following costs and disbursements:
25            a. Filing fee:                        $350.00
26            b. Costs of Process server:           $1,655.00
27            Total costs and disbursements:        $2,005.00
28        15. Plaintiffs have further incurred the attorney fees in pursuing this matter in the sum of

1  $10,575.50 up to this date and.

2      16. The disbursements sought to be taxed as costs and attorney fees have all been made in

3  this action, and it is expected that further costs and fees will necessarily be incurred in this

4  action.

5      I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7  Dated: January 25, 2008

                                                     /s/ Debra Shih
                                               Debra Shih / President
                                               Penpower Technology Ltd. &
                                               Penpower, Inc.

(AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT)            (C07-03621 JL)