UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENPOWER TECHNOLOGY LTD., and PENPOWER INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>S.P.C. TECHNOLOGY, GLZ SERVICE INC., PC MOBILE STATION.COM CORP., JNB GROUP INC., HERBET LIN d.b.a. ALL TECH COMPUTER, IVY LIN d.b.a. IVY COMPUTERS, INC., ELITE NETWORK COMPUTER, INC., ANDY CHEN d.b.a. DRIFTING COMPUTER, JACK WANG d.b.a. SHENZHOU COMPUTER MALL INC., TONY CHANG d.b.a. AZIANEAGLE, AND NEW YORK COMPUTER SUPPLY INC.,<br><br>　　　　Defendants. | Case No. 07-3621 SC<br><br>ORDER RE PLAINTIFF'S MOTION FOR DEFAULT <u>JUDGMENT</u> |

　　The present matter comes before the Court on the Motion for Default Judgment ("Motion") filed by the plaintiffs Penpower Technology Ltd. and Penpower Inc. (collectively "Plaintiffs"). Docket No. 23.  The Clerk of the Court entered default against all Defendants save S.P.C. Technology and GLZ Service, Inc.  Docket Nos. 13, 22.  Both of these Defendants, however, were voluntarily dismissed.  Docket Nos. 5, 14.

　　After entry of default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b).  "However, entry of default does not automatically entitle the non-defaulting party to entry of a

default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." <u>In re Villegas</u>, 132 B.R. 742, 746 (9th Cir. BAP 1991).  Rather, "the decision to enter a default judgment is discretionary." <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988).  First, the Court must "assess the adequacy of service of process on the party against whom default is requested." <u>Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  Once the Court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977).

In the present case, the evidence presented by Plaintiffs in support of their damages is insufficient.  Before the Court undertakes the above-detailed analysis to determine whether default judgment is appropriate, Plaintiffs are ORDERED to submit

2

additional evidence detailing their damages, including, but not limited to, the following:

- Affidavits from both Penpower Technology and Penpower Inc. justifying the amount of damages sought.

- Affidavits from Plaintiffs' counsel justifying the amount sought for attorneys' fees. This justification is to include a detailed explanation of the $10,575.50 in fees that counsel Debra Shih, in her declaration, refers to.

- Any evidence to justify the injunctive relief sought by Plaintiffs.[1]

This evidence shall be filed by Friday, April 25, at 12:00 p.m.

IT IS SO ORDERED.

Dated: April 15, 2008

*[signature]*

UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that were it to rule on the injunctive relief at this time, such relief would not be warranted by the evidence in the record.

3