YUNG MING CHOU, ESQ (SBN 172118)
39111 Paseo Padre Parkway, Suite 207
Fremont, CA 94538
Tel.: (510) 713-8698
Fax: (510) 713-8690
E-Mail: chouyung@aol.com

Attorney for Plaintiffs
PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PENPOWER TECHNOLOGY LTD. & PENPOWER, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>S.P.C. TECHNOLOGY, GLZ SERVICE INC., PC MOBILE STATION.COM CORP., JNB GROUP INC., HERBET LIN d.b.a. ALL TECH COMPUTER, IVY LIN d.b.a. IVY COMPUTERS, INC., ELITE NETWORK COMPUTER, INC., ANDY CHEN d.b.a. DRIFTING COMPUTER, JACK WANG d.b.a. SHENZHOU COMPUTER MALL INC., TONY CHANG d.b.a. AZIANEAGLE,, AND NEW YORK COMPUTER SUPPLY INC.,<br><br>Defendants. | Case No.: CV 07-03621 JL<br><br>AFFIDAVIT OF PENPOWER TECHNOLOGY LTD. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT<br><br>[Fed. R. Civ. P. Rule 55(b)(2)] |

I, Debra Shih, declare,

1. I am the president of plaintiff Penpower Technology Ltd.

2. I am over 18 years of age. My business address is located at 46520 Fremont Blvd., #610, Fremont, CA 94538. I am fully competent to make this affidavit and I have personal knowledge of the facts set forth herein and I would competently testify thereto if called as a witness.

1

1    3. Pursuant to the Court order dated April 15, 2008 requesting for additional evidence
2 detailing the damages, I submit this affidavit in support of Penpower Technology Ltd.'s motion
3 for default judgment.
4    4. Handwriting recognition products are a growing market worldwide. Penpower
5 Technology Ltd. owns 100% issued and outstanding shares of Penpower, Inc. However,
6 Penpower, Inc. is an independent cost center and purchases products from Penpower Technology
7 Ltd. based on the agreed transfer price.
8    5. I attach herewith a copy of detailed explanation regarding damages sustained by
9 Penpower Technology Ltd. and incorporate by reference herein as Exhibit 1. The actual losses of
10 gross-profit for the years of 2005 and 2006 were $75,180.00.
11    6. In order to maintain competitiveness in the marketplace and to further expand our
12 market share, Penpower Technology Ltd. is required to develop upgraded and/or new products
13 continuously and to promote its products through various advertising channels. All of those
14 works require extensive costs. Without sufficient profit margin, Penpower Technology Ltd.
15 cannot survive. However, defendants have deprived and continue to deprive Penpower
16 Technology Ltd.'s viability by engaging those illegal activities as set forth in the complaint.
17 Penpower Technology Ltd. will sustain irreparable harm if defendants' infringing activities and
18 sales of counterfeit products are not enjoined immediately.
19    7. Defendants have sold and are continuing in selling counterfeit products and/or
20 products incorporating Penpower handwriting recognition software. Such illegal activities, if
21 continue, will cause irreparable harm to plaintiffs Penpower, Inc. and Penpower Technology Ltd.
22 because:
23    (a) Plaintiff Penpower, Inc. has continuously expended significant advertising costs in
24 promoting its handwriting recognition products. (2004 - $81,537.51; 2005 - $126,439.57; 2006 -
25 $106,997.98; and 2007 - $119,040.52). (Exhibit B: Penpower, Inc.'s Income Statements for
26 years 2004 through 2007) Such expenses are onerous in comparison with the gross income of
27 Penpower Inc. Furthermore, plaintiffs Penpower, Inc. and Penpower Technology Ltd. are
28 constantly required to spend money and resources in upgrading their handwriting recognition

(AFFIDAVIT OF PENPOWER TECHNOLOGY LTD. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT)    (C07-03621 JL)

software and developing new technology in order to maintain their competitiveness in this ever-changing market. Penpower Technology Ltd. cannot sustain all of the expensive advertising and development costs unless it can reach its sales forecast and maintain the profit margin according to its plan.

(b) Defendants are literally taking a free ride of plaintiffs' advertising and development efforts by selling counterfeit products without incurring any costs. Even Penpower, Inc. had reached a positive financial status in year 2007 by spending extra money and resources in pursuing defendants, such profit of $16,088.00 was nominal in comparison with the efforts and money spent by Penpower, Inc. (Exhibit B: Penpower, Inc.'s Income Statement for year 2007)

(c) Defendants are selling counterfeit products at extremely low price. Therefore, defendants' counterfeit products are without any quality control and after-sale warranty services. The materials used by defendants' counterfeit products are much inferior than those of plaintiffs' products and have very high defective rate. All of which are directly and negatively impacting on plaintiffs' goodwill and business reputation in the marketplace, and have counteracted all of plaintiffs' efforts in promoting its products and business reputation.

(d) Furthermore, plaintiffs have spent and are continuously expending tremendous administrative costs and manpower to cope with the messes of counterfeit products such as warranty service, technical support, etc. All of the expenses and costs incurred to deal with the counterfeit products issues and warranty services are unable to calculate and have not been included in plaintiffs' damages claim against defendants.

If defendants' illegal activities are not enjoined, they will continue to make profit at the expense of plaintiffs. Plaintiffs will sustain irreparable injury. Plaintiffs will never be able to recover the money and efforts they invested or to reach their expected profit margin if defendants' illegal infringement activities continue. Furthermore, it is highly likely that plaintiffs will be driven out of the market if defendants' illegal activities are not enjoined immediately.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1 | Dated: April 24, 2008

                                                                               ___/s/ Debra Shih_____
                                                                               Debra Shih / President
                                                                               Penpower Technology Ltd.

(AFFIDAVIT OF PENPOWER TECHNOLOGY LTD. IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT)     (C07-03621 JL)